UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:14-138 |
| | CIVIL NO. 6:16-1643 |
| VERSUS | |
| MARIO DURAN | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Correct Illegal Sentence filed by petitioner, Mario Duran, pursuant to 28 U.S.C. § 2255. [rec. doc. 71]. The Government has filed a Memorandum in Opposition. [rec. doc. 76]. Petitioner has not filed a Reply. Petitioner is incarcerated at the Federal Correctional Institution in Butner, North Carolina.

In the instant motion to vacate, petitioner asserts that he received ineffective assistance of counsel because his attorney, Lester J. Gauthier, Jr., failed to file a notice of appeal on his behalf. For the following reasons, the undersigned recommends that Mario Duran's § 2255 Motion to Correct Illegal Sentence [rec. doc. 71] be **DENIED AND DISMISSED WITH PREJUDICE**.

### STATEMENT OF CLAIM

On June 4, 2015, Duran plead guilty to one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), Count 2 of a two count indictment. [rec. docs. 45 and 47]. Petitioner appeared for sentencing on October

28, 2015, at which time petitioner was sentenced to 120 months imprisonment. [rec. docs. 62 and 65]. The Judgment of conviction was entered on this Court's docket on November 2, 2015.

Petitioner did not directly appeal to the United States Fifth Circuit Court of Appeal. Thus, petitioner's Judgment of conviction became final 14 days later when no timely notice of appeal was filed, that is, on November 17, 2015.

Petitioner asserts that he received ineffective assistance of counsel because his attorney, Lester J. Gauthier, Jr., failed to file a notice of appeal on his behalf. In support, petitioner alleges that "a couple days after sentencing" he called Mr. Gauthier and instructed him to initiate a direct appeal, to which counsel responded that he would file a notice of appeal. However, petitioner "later discovered" that counsel failed to do so.

## LAW AND ANALYSIS

**Timeliness of the Instant Motion**

Title 28 U.S.C. § 2255 provides a one-year statute of limitations for the filing of motions pursuant to § 2255. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on November 17, 2015, 14 days after his Judgment of conviction was entered on this Court's docket. FRAP 4(b)(1)(A)(i). *See also Clay v. United States,* 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); Sup.

Ct. R. 13(1) and 13(3); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008); *United States v. Gamble*, 208 F.3d 536, 536 (5th Cir. 2000) (*per curiam*). Petitioner therefore had one year, or until November 17, 2016 to file his § 2255 Motion in this Court.

The instant Motion was signed and verified by petitioner on November 8, 2016, before the expiration of the one year limitation period, but not postmarked until November 21, 2016, after the one year limitation period expired. The government therefore argues that the instant motion has been untimely filed. Petitioner has failed to provide any response to the government's argument.

Under the "mailbox rule", a pleading is deemed "filed" as of the day it is placed in the prison's mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998). To be timely, the pleading must be deposited in the institution's internal mailing system on or before the last day for filing and the prisoner must use the institution's mailing system.[1] *See* Rule 3(d), Rules Governing Section 2255 Proceedings in the United States District Courts. It is the defendant's burden to make a preliminary showing that he is entitled to the benefit of the "mailbox rule." *See United States v. Holt*, 650 Fed. Appx. 170, 170 (5th Cir. 2016) *citing Medley v. Thaler,* 660 F.3d 833, 840 (5th Cir.

---

[1] The Court presumes that FCI Butner has an internal mailing system which complies with federal regulations. *See e.g.* 18 C.F.R. § 540.10, § 540.11 and § 540.19.

2011); *United States v. Williams*, 492 Fed. Appx. 486, 487 (5th Cir. 2012) *citing Medley, supra*. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by notarized statement, either of which must set forth the date of deposit into the institution's mail system, and that first-class postage was prepaid. *See* Rule 3(d), Rules Governing Section 2255 Proceedings in the United States District Courts. Petitioner has provided nothing to this Court to satisfy his burden. Accordingly, petitioner's motion cannot be considered timely under the period established by 28 U.S.C. § 2255(f)(1).

The government further argues that § 2255(f)(4) is not applicable. That section extends the time for filing beyond the general rule set forth in § 2255(f)(1) in cases where the petitioner's claim relies on the newly discovered facts which could not have been discovered through the exercise of due diligence. The government correctly argues that petitioner does not allege when he discovered that Gauthier did not did not file a notice of appeal on his behalf, and more importantly, does not argue why, through the exercise of due diligence, he did not discover his counsel's alleged failure to act earlier. Clearly, by virtue of Gauthier's November 2, 2015 letter, petitioner knew that a notice of appeal had to be filed within 14 days of the entry of judgment. Yet petitioner apparently took no timely action to discover if a notice of appeal had in fact been filed on his behalf. Furthermore, petitioner waited until nearly one year after the expiration of the

limitation period for the filing of a timely notice of appeal to present his claim to this Court. Under these circumstances, the Court cannot find that petitioner acted with due diligence, thereby triggering application of § 2255(f)(4).

Finally, petitioner is not entitled to equitable tolling. The Fifth Circuit has held that the statute of limitations in § 2255 may be equitably tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) *quoting Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court, when assuming without deciding that equitable tolling is available, articulated that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007) ; *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807,161 L.Ed.2d 669 (2005). The burden of proof concerning equitable tolling is on the petitioner. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has not met his burden of showing that rare, exceptional or extraordinary circumstances beyond his control prevented him from timely filing his § 2255 Motion, nor does the record support equitable tolling of the statute of limitations in the instant case. The circumstances faced by petitioner were not extraordinary so as to provide a basis for equitable tolling. Indeed, claims of

ineffective assistance of counsel for failing to file a notice of appeal are common and are routinely made by *pro se* petitioners. The record does not demonstrate that petitioner pursued his rights diligently. Petitioner's status as a *pro se* litigant is alone insufficient to equitably toll the limitation period and does not relieve petitioner from following applicable procedural rules. *United States v. Petty,* 530 F.3d, 361, 365-366(5th Cir. 2008) *citing Lookingbill v. Cockrell*, 293 F.3d 256, 264 n. 14 (5th Cir. 2002). Additionally, the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the statute of limitations. *Id*. at 366 *citing Felder v. Johnson*, 204 F.3d 168, 171-172 (5th Cir. 2000) and *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

For the foregoing reasons, the Court finds that Mario Duran's § 2255 Motion to Correct Illegal Sentence should be denied and dismissed because petitioner's claims are barred by the one-year limitation period.

**Ineffective Assistance of Counsel – Failure to a File Notice of Appeal**

To the extent that the instant Motion may be deemed timely filed, petitioner's claim nevertheless fails on the merits.

In *Roe v. Flores-Ortega*, the United States Supreme Court set forth the standards applicable to a claim of ineffective assistance of counsel due to counsel's failing to file a notice of appeal. When discussing the first *Strickland* inquiry, whether counsel's performance was deficient, the Court reaffirmed that a "lawyer who disregards specific instructions from the defendant to file a notice of

6

appeal acts in a manner that is professionally unreasonable." *Roe*, 120 S.Ct. at 1035 *citing Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) and *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999).  The Court reaffirmed that "at the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id. citing Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).  For cases that lie between those poles, that is, where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, an antecedent question must be answered, specifically, "whether counsel in fact consulted with the defendant about an appeal." *Id*.  The term "consult" was defined in this context as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.*  Thus, the court held that "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Roe,* 120 S.Ct. at 1035.

With respect to the element of prejudice, the Court said that a defendant must demonstrate that but for counsel's deficient performance he would have appealed.  Accordingly, "when counsel's deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has

made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484. No showing of likely success on appeal is required as a pre-requisite to *habeas* relief. *See Roe*, 528 U.S. at 484 and 486; *White v. Johnson*, 180 F.3d 648, 652-653 (5th Cir. 1999) (pre-*Roe* decision); *United States v. McMillen,* 96 Fed. Appx. 219, 221 (5th Cir. 2004).

Petitioner apparently claims that this case falls within the first *Roe* scenario, that is, that he expressly told his attorney, Gauthier, to appeal, but that Gauthier failed to do so. Although petitioner contends that "a couple days after sentencing" he called Mr. Gauthier and instructed him to initiate a direct appeal, to which counsel responded that he would file a notice of appeal, in opposition to the instant motion, the government has submitted a November 3, 2015 letter from Gauthier to petitioner which demonstrates that this was not the case. Rather, the letter unequivocally reveals that a few days after sentencing, Gauthier expressly advised petitioner, in writing, of his "absolute" right to appeal, his right to court-appointed appellate counsel and that the appeal must be filed within 14 days of the entry of judgment. Gauthier further advised petitioner of the unlikely success of an appeal and the disadvantage of taking an appeal given the petitioner's 120 month sentence was below the Guidelines sentencing range of 188 to 235 months and the chance that the petitioner's sentence could be increased on appeal. Petitioner signed the letter on November 3, 2015 and expressly instructed Gauthier "I am instructing you not to appeal." [rec. doc. 76-1]. Thus, it is clear that this

8

case falls within the second *Roe* scenario. A defendant, like petitioner, who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently. *Roe*, 120 S.Ct. at 1035 *citing Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Mario Duran's § 2255 Motion to Correct Illegal Sentence [rec. doc. 71] be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the**

**District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 8th day of March, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE