## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-0138 |
| VERSUS | JUDGE DONALD E. WALTER |
| MARIO DURAN | MAGISTRATE JUDGE HANNA |

### MEMORANDUM ORDER

Before the Court is a motion for compassionate release filed pro se by the defendant, Mario, Duran ("Duran").[1] See Record Document 95. The motion for release is **DENIED** as premature.

The compassionate release statute, as amended by the First Step Act on December 21, 2018, provides, in pertinent part:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that –
>
>   (1) in any case –
>
>     (A) the court, upon motion of Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
>       (i) extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A).

---

[1] The Federal Public Defender's Office notified the Court on November 9, 2020, that its office would not be enrolling on behalf of Duran.

Applying this statute, this Court finds that the motion filed by Duran is premature at this time. "The COVID-19 situation as it exists in the prison system does not, without more, establish that it is appropriate for the Court to accede to [the] request to jump over the procedure provided in the law on compassionate release. There is nothing extraordinary or compelling that convinces the court to ignore the requirement that [Duran] first make his request to the Warden of the facility." United States v. Nathan Burl Cain, No. 1:17-CR-0204-01, at *4 (W.D. La. Apr. 8, 2020). The Court is aware of the effects of the COVID-19 pandemic and the heightened risk at the Federal Medical Center Butner facilities. Regardless, this Court does not have the equitable authority to excuse the failure to demonstrate that administrative remedies have been exhausted or to waive the thirty-day waiting period. As was well-stated by the Third Circuit:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like [Duran]. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp. Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added— and critical—importance.

United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. Franco, 973 F3d 465, 468 (5th Cir. 2020) ("[W]e must determine whether [the] statutory requirement is mandatory. We join the other three circuits that have faced the question and conclude that it is." (citing United States v. Alam, 960 F.3d 831, 833 (6th Cir. 2020), Raia, 954, F.3d at 597, and United States v. Springer, 820 F. App'x 788, 790-92 (10th Cir. 2020)). Therefore, the proper course to follow is to allow BOP's established process a chance to work.

Accordingly, the motion for compassionate release filed by Duran is **DENIED WITHOUT PREJUDICE** as premature. He may re-urge such motion if he exhausts his administrative remedies as required by Section 3582(c)(1)(A).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 13th day of November, 2020.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE